*Warren v. Cichy, et al.*
Case No. 13 CV 4928

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JOSEPH WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| JOHN CICHY, TERRANCE O'BRIEN, and | ) | Amount claimed: in excess |
| VILLAGE OF SCHAUMBURG, | ) | of $50,000 plus costs |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JOSEPH WARREN, and complaining of Defendants, JOHN CICHY, TERRANCE O'BRIEN, and VILLAGE OF SCHAUMBURG, states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1.  Plaintiff JOSEPH WARREN is an individual residing in the State of Illinois.

2.  Defendant VILLAGE OF SCHAUMBURG was and is a municipal corporation in the County of Cook, duly incorporated under the laws of the State of Illinois, and is or was the employer of Defendants JOHN CICHY and TERRANCE O'BRIEN.

3.  At all relevant times referenced herein, Defendant JOHN CICHY was employed by VILLAGE OF SCHAUMBURG as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue, JOHN CICHY was engaged

1

in the conduct complained of while acting within the scope of his employment and under color of law.

4. At all relevant times referenced herein, Defendant TERRANCE O'BRIEN was employed by VILLAGE OF SCHAUMBURG as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue, TERRANCE O'BRIEN was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

5. On January 16, 2013, the Defendant Schaumburg Police Officer – JOHN CICHY and TERRANCE O'BRIEN – were arrested after a U.S. Drug Enforcement and DuPage County investigation revealed that they were allegedly conducting a host of felonies. These Defendants are charged with unlawful delivery of controlled substances, armed violence, unlawful drug conspiracy, official misconduct, theft, and burglary. The DuPage State's Attorney's Office alleges that the officers' criminal conduct dates back to at least mid-2012. The authorities allege, among other acts, that the Defendants illegally searched individuals' homes, vehicles, and persons to extort narcotics and/or money.

6. The present case involves the Defendants' acts in falsely arresting the Plaintiff.

7. On or about July 1, 2012, Plaintiff was with his half-brother, Michael Lumino. At that time, a transaction occurred wherein Mr. Lumino allegedly provided Xanax pills to JOHN CICHY while undercover. Regardless of what occurred in that transaction, Plaintiff was not involved in the transaction. Plaintiff never at any time possessed any Xanax pills or money involved in the alleged transaction. Plaintiff was

merely driving the vehicle that Mr. Lumino had been occupying before the alleged transaction.

8. After the aforementioned events, Plaintiff and Mr. Lumino were converged upon by VILLAGE OF SCHAUMBURG Police Officers including JOHN CICHY and TERRANCE O'BRIEN, with guns drawn.

9. At the time of these events, Plaintiff was 26 and Mr. Lumino was 16.

10. Officers JOHN CICHY and TERRANCE O'BRIEN initially handcuffed and began the arrest procedure with respect to Mr. Lumino. Upon learning of Mr. Lumino's age, Officers JOHN CICHY and TERRANCE O'BRIEN stated and indicated that they desired to arrest an adult, rather than a minor, for the alleged offense

11. Officers JOHN CICHY and TERRANCE O'BRIEN then arrested Plaintiff.

12. Plaintiff was not committing any crimes or bad acts whatsoever. At the time of the alleged Xanax transaction, Plaintiff was in his car. The alleged transaction did not take place in the car, but rather at a residence.

13. Officers JOHN CICHY and TERRANCE O'BRIEN wrongfully stated in official reports that Plaintiff had committed the narcotics offense, rather than Mr. Lumino, despite the fact that Mr. Lumino was the individual they had originally arrested for the alleged offense.

14. Upon information and belief, Officers JOHN CICHY and TERRANCE O'BRIEN caused Plaintiff's vehicle to be impounded, despite the vehicle not being involved in the alleged offense.

15. The actions of Officers JOHN CICHY and TERRANCE O'BRIEN were committed intentionally, willfully, wantonly, and with malice.

16. As a result of the conduct of Officers JOHN CICHY and TERRANCE O'BRIEN, Plaintiff spent almost 40 days in jail and lost his vehicle.

## COUNT I - SECTION 1983 FALSE ARREST
## AGAINST OFFICERS CICHY AND O'BRIEN

17. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 16 above as if fully stated herein.

18. Officers JOHN CICHY and TERRANCE O'BRIEN did not have probable cause to arrest Plaintiff.

19. The actions of Officers JOHN CICHY and TERRANCE O'BRIEN violated Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

20. As a direct and proximate consequence of said conduct of Officers JOHN CICHY and TERRANCE O'BRIEN, Plaintiff suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, JOSEPH WARREN, prays for judgment against the Defendants, JOHN CICHY and TERRANCE O'BRIEN, for compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S.C. §1988 plus costs, and such other and additional relief as this Court deems equitable and just.

### COUNT II - SECTION 1983 DUE PROCESS (BRADY VIOLATIONS) AGAINST OFFICERS CICHY AND O'BRIEN

21. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 16 above as if fully stated herein.

22. Officers JOHN CICHY and TERRANCE O'BRIEN deprived Plaintiff of fair criminal proceedings by engaging in multiple acts, which include, but are not limited to, withholding exculpatory evidence from Plaintiff and his criminal defense attorneys.

23. The acts described in the preceding paragraph were directed toward Plaintiff, were intentional and material, and therefore were in violation of the Plaintiff's due process rights.

24. As a direct and proximate consequence of said conduct of Officers JOHN CICHY and TERRANCE O'BRIEN, Plaintiff suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

25. By reason of the conduct of Officers JOHN CICHY and TERRANCE O'BRIEN, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted therein.

WHEREFORE, the Plaintiff, JOSEPH WARREN, prays for judgment against the Defendants, JOHN CICHY and TERRANCE O'BRIEN, for compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S.C. §1988 plus costs, and such other and additional relief as this Court deems equitable and just.

### COUNT III - §1983 CONSPIRACY
### AGAINST OFFICERS CICHY and O'BRIEN

26. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 16 above as if fully stated herein.

27. Officers JOHN CICHY and TERRANCE O'BRIEN entered into an agreement to falsely arrest Plaintiff and to deprive Plaintiff of due process of law, in violation of to 42 U.S.C. §1983.

28. Officers JOHN CICHY and TERRANCE O'BRIEN were willful participants in the joint activity as state actors.

29. Officers JOHN CICHY and TERRANCE O'BRIEN understood the general objectives of the scheme, accepted them, and agreed, either explicitly or implicitly, to do their part to further the objectives.

30. As a direct and proximate consequence of said conduct of Officers JOHN CICHY and TERRANCE O'BRIEN, Plaintiff suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff JOSEPH WARREN, prays for judgment against the Defendants, JOHN CICHY and TERRANCE O'BRIEN, for compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S.C. §1988 plus costs, and such other and additional relief as this Court deems equitable and just.

### COUNT IV - NEGLIGENT SUPERVISION
### AGAINST THE VILLIAGE OF SCHAUMBURG

31. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 16 above as if fully stated herein.

32. The Defendant Village of Schaumburg has a duty to supervise its employees.

33. The Village of Schaumburg negligently supervised Officers JOHN CICHY and TERRANCE O'BRIEN in one or more of the following ways:

    (a) Failing to monitor the actions of its sworn officers;

    (b) Failing to respond to complaints that officers were acting in ways that were illegal and violated citizen's rights;

    (c) Failing to observe that officers were acting in ways that were illegal and violated citizen's rights, when the actions were obvious to an entity performing any reasonable supervision;

    (d) Otherwise negligently supervising its officers.

34. The Village of Schaumburg's negligence proximate caused the Plaintiff's injuries.

WHEREFORE, the Plaintiff, JOSEPH WARREN, prays for the judgment against the Defendant VILLAGE OF SCHAUMBURG for compensatory damages plus costs, and such other and additional relief as this Court deems equitable and just.

### COUNT V - INDEMINIFICATION PURSUANT TO 745 10/9-102 AGAINST THE VILLAGE OF SCHAUMBURG

35. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 16 above as if fully stated herein.

36. The acts of Officers JOHN CICHY and TERRANCE O'BRIEN were committed in the scope of their employment with the Defendant VILLAGE OF SCHAUMBURG.

37. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant VILLAGE OF SCHAUMBURG is liable for any judgments for compensatory damages in this case arising from the actions of Officers JOHN CICHY and TERRANCE O'BRIEN.

WHEREFORE, the Plaintiff, JOSEPH WARREN, respectfully asks this Honorable Court to order the Defendant VILLAGE OF SCHAUMBURG to pay the Plaintiff any judgments for compensatory damages against Defendant Officers JOHN CICHY and TERRANCE O'BRIEN.

Respectfully submitted,

_____
Attorney for Plaintiff

Jeffrey S. Deutschman
Bradley A. Skafish
**DEUTSCHMAN & ASSOCIATES, P.C.**
77 West Washington Street - Suite 1525
Chicago, IL 60602
(312) 419-1600
Atty. No. 40171

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JOSEPH WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. |
| ) | |
| JOHN CICHY, TERRANCE O'BRIEN, and ) | |
| VILLAGE OF SCHAUMBURG, ) | |
| ) | |
| Defendants. ) | |

## 222 AFFIDAVIT

I, BRADLEY A. SKAFISH, attorney for the Plaintiff, JOSEPH WARREN, hereby claims that the amount of damages sought in this claim exceeds $50,000.00.

Affiant further sayeth naught.

_____
Bradley A. Skafish

DEUTSCHMAN & ASSOCIATES, P.C.
77 W. Washington, Ste.1525
Chicago, Illinois 60602
312/419-1600
Attorney No.: 40171